SudlivaN, J.
The plaintiff, as the administrator of Jeremiah Brooks, commenced a suit against the defendant before a justice of the peace, and filed a statement of his cause of action, setting forth in substance that the defendant, on, &c., “swapped” a certain bay horse to said Brooks, and then and there delivered the said horse to him; that afterwards, to wit, &c., the defendant took the horse into his possession without the consent of the plaintiff, and converted him to his own use, &c.; to the plaintiff’s damage $50.00. The defendant pleaded seven pleas, six of which were to the merits; the seventh was in the nature of a demurrer, denying the sufficiency of the plaintiff’s statement. The cause was tried by a jury in the justice’s Court. Verdict and judgment for the plaintiff. On appeal to the Circuit Court, the suit was dismissed for want of a sufficient cause of action.
The plaintiff’s statement is very imperfectly and informally drawn. It is, however, like most of those filed in justice’s Courts, which being prepared without professional aid, want the accuracy which pleading, in other Courts, is required to *possess. The statute does not require exactness in pleading in justices’ Courts, and it is now settled that any statement, however informal it may be, *423 will answer the purpose, provided enough be shown to bar another action for the same demand. 4 Blackf., 13. (Ante, 184.) ' ;
H. P. Thornton, for the plaintiff.
J. W. Payne, for the defendant.
From the statement in this case, we understand the action to be for a trover and conversion after the death of the intestate. There is no distinct averment in the statement, of the death of Brooks, nor that the conversion took place after his death, but it is averred that it took place while possession was in the administrator. This, according to previous decisions, is sufficient in cases of this kind. The omission, moreover, is aided by the third plea, which defends the action on the ground that the horse named in the statement was delivered to the defendant by “the agent of said estate,” in discharge of a contract, &c. 1 Chitt. Pl., 710.
A further objection to the judgment of the Court is, that the' defendant had pleaded to the merits before he moved to dismiss. The motion should therefore have been overruled as being made too late. It is said, however, that the objection was made before-the justice. It is true that the defendant did, in the justice’s Court, plead and demur to the statement, but it is a rule of pleading that a party shall not plead and demur to the same matter, and if he do, he shall make his election, which the defendant did in this case, by trying the cause before the justice on its merits. Steph. Pl., 278.
We think the plaintiff’s statement is sufficient to apprize the defendant of the nature of the demand against him, and that enough is shown to bar another action for the same demand.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &e.