Filed April 2, 1891.

---

### No. 33.

### MILHOLLIN *v.* FULLER.

PLEADING.—*Complaint Before Justice of the Peace.*—*Motion to Dismiss.*—In an action originating before a justice of the peace, a complaint in which the plaintiff avers that "on the 4th day of January, 1888, he commenced working for the defendant by the day, and that he worked one hundred and forty-four days, which is worth seventy-five cents per day, making one hundred and eight dollars, which is wholly unpaid," is good on demurrer or a motion to dismiss, in the circuit court.

From the Delaware Circuit Court.

*G. H. Koons,* for appellant.

*R. S. Gregory* and *A. C. Silverburg,* for appellee.

REINHARD, J.—This action was commenced before a justice of the peace. The complaint is as follows:

"The plaintiff, Levi D. Fuller, complains of the defendant, Nathan Milhollin, and says that on the 4th day of January, 1888, he commenced working for the defendant by the day, and that he worked one hundred and forty-four days, which is worth seventy-five cents per day, making one hun-

dred and eight dollars, which is wholly unpaid. Wherefore the plaintiff demands judgment for one hundred and eight dollars, and other proper relief."

In the justice's court there was a trial by jury, resulting in a verdict and judgment in favor of the appellee, who was the plaintiff below, and an appeal was taken to the circuit court. In that court the appellant, for the first time, called in question the sufficiency of the complaint, first by motion to dismiss, and then by demurrer. The ruling of the circuit court was against the appellant in both instances. Exceptions were reserved by him, but no bill of exceptions was filed saving the point on the motion to dismiss. There was another trial by jury in the circuit court, resulting in a second verdict for the appellee, this time for an increased amount. After the court had overruled a motion for a new trial the appellant moved in arrest of judgment, and this motion, too, was overruled by the court. Final judgment was then rendered upon the verdict, and an appeal taken to the Supreme Court.

We pass over the question whether the record properly presents the ruling of the court below on the appellant's motion to dismiss. Neither do we deem it necessary, in view of the conclusion which we have reached, to decide the point made by the appellee that the appellant went to trial before the justice of the peace on the merits of the case, without first raising his objection to the complaint, and that therefore the objection comes too late.

Had the action originated in the circuit court, we doubt very much whether the complaint would have been sufficient on demurrer. But in pleadings before justices of the peace great liberality is indulged, even where the sufficiency of the instrument is called in question by a demurrer, or other direct attack. There is no formality whatever required.

All that is necessary, by way of a complaint, in a case like this, is a statement of the cause of action, which contains sufficient substance to apprise the defendant of the nature of

the demand, and is such that a judgment thereon may be used as a bar to another suit for the same claim. *Anderson* v. *Lipe*, 114 Ind. 464; *Smith* v. *Heller*, 119 Ind. 212.

We think, when tested by this rule, the complaint must be held sufficient, even on demurrer, or motion to dismiss.

The pleading, as suggested by counsel, is somewhat of a unique affair, and is, in many respects, vague and indefinite. But we do not think it is open to the objection that it fails to apprise the defendant of the nature of the demand against him, and that a judgment thereon could not be legally pleaded as a bar to another action. It sufficiently appears from it that the plaintiff claims he did one hundred and forty-four days' work for the defendant between the 4th day of January, 1888, and the time of filing the complaint with the justice. We think it may fairly be inferred from this averment that the work was done by the request and consent of the appellant, if such an averment is necessary.

The appellant insists that the complaint, in order to be sufficient, should state that the debt was due. The complaint does state that the work was done "by the day." As this phrase is commonly understood, it means from one day to another, without certainty of continuance. We think where work is done in that way the compensation becomes due as each day's work is finished, unless the parties provide otherwise by special agreement. Hence, if it were necessary to charge that the debt was due, we think this averment would be sufficient; but we do not decide that this is necessary.

In the case of *Smith* v. *Heller, supra,* the complaint averred, among other things, that the defendant "justly owes the plaintiffs the sum of sixty-three and twenty-one one hundredths dollars, and that the payment of the said sum has been unreasonably delayed, and that there is the further sum of eleven and twenty-six one hundredths dollars as interest on the same."

This complaint the defendant in that case attacked by way

of a motion in arrest of judgment. The court, in passing upon the sufficiency of the complaint, said :

" It is doubtful whether if the action had been commenced in the circuit court the complaint would not have been good after verdict, and, as the action was commenced before a justice of the peace, there is certainly no doubt that the complaint is sufficient."

The counsel for appellant puts much stress upon the idea that there is a distinction in cases where a complaint is attacked directly by demurrer, and those where it is assailed indirectly by a motion in arrest. We fully recognize that distinction when applied to cases originating in the circuit court ; but it can have little or no application to cases originating before justices of the peace.

In the case of *Davis* v. *Davis,* 6 Blackf. 394, the complaint stated that the defendant had " swapped " a horse to the plaintiff, and had afterward taken the horse into his possession without the plaintiff's consent, and converted him to his own use, to the plaintiff's damage fifty dollars. The complaint was held sufficient. The court in that case, in passing upon the sufficiency of the complaint, said :  " The plaintiff's statement is very imperfectly and informally drawn. It is, however, like most of those filed in justices' courts, which, being prepared without professional aid, want the accuracy which pleading, in other courts, is required to possess."

In *Clark* v. *Benefiel,* 18 Ind. 405, the complaint was fully as indefinite and obscure as the one we have here. There the statement was as follows :

" The said Benefiel, plaintiff, complains of George · W. Clark, defendant, for that, whereas, on the 10th day of September, 1858, the defendant demanded and received from the plaintiff thirty-four bushels and forty-two pounds of wheat at 90 cents per bushel, and he asks judgment for thirty-one dollars and twenty-three cents."

The court, in that case, also held the complaint sufficient, saying :

" True, it is very informal ; but, enough is shown to bar another action for the same demand, and apprise the defendant of the nature of the claim."

The case of *Hoffman* v. *Board, etc.*, 96 Ind. 84, cited by appellant, does not support his position. That action was commenced before a board of commissioners. In the statement filed by the plaintiff there was no averment of any special employment of the plaintiff by the board, and under the law, as applied to that case, there could be no recovery without such special employment. It is very apparent, therefore, that the reasoning of the court in that case as to the necessity of averring that the work was done at the request of the commissioners is not applicable to the complaint in the case at bar.

Other cases cited by appellant, in which it was held that certain averments were necessary, originated in the circuit, or common pleas, court, and can form no precedents for a ruling upon the sufficiency of a complaint in an action commenced before a justice of the peace.

The appellant also insists that the complaint should have shown what kind of work the plaintiff performed for the defendant, and where it was done. But if the complaint, in this particular, was not sufficiently explicit, the appellant should have moved the court below to require the appellee to make it more specific.

The apprehension expressed by counsel that if such complaints are upheld the rules of pleading will be consigned to the lost arts, is not seasonable.

The precedents for such pleading extend back into the Blackfords and the liberal rules of practice that obtain before justices of the peace, of which the appellant complains, were in vogue in Indiana long before the adoption of our present Constitution. We see no reason why the courts

should strike them down now, and adopt a system requiring more strictness under a code of practice as liberal as ours.

There is no error in the record.

The judgment is affirmed, with costs.

Filed April 2, 1891.