Clark v. Maxwell.

———◆———

No. 1,507.

## CLARK v. MAXWELL.

PLEADING.—*Complaint, Sufficiency of on Demurrer, On Appeal When Questioned for First Time.—Inference.*—If a demurrer be filed to a complaint no intendment arises and every material fact necessary to the statement of the cause of action must be alleged or the demurrer for want of facts will be sustained; but when the complaint is first challenged on appeal it will be held sufficient (by reason of the curative effects of the verdict and the inferences which arise in favor of the correctness of the trial court's rulings) if the facts alleged are sufficient to bar another action for the same cause.

SAME.—*Complaint, Sufficient as to Personal Liability, Insufficient as to Mechanics' Lien.*—If a complaint state facts sufficient to entitle plaintiff to a personal judgment against defendant it will be sufficient, although it be insufficient as to the foreclosure of a mechanics' lien which was auxiliary to such personal liability.

From the Steuben Circuit Court.

*W. L. Penfield, W. G. Croxton* and *F. Powers,* for appellant.

*D. R. Best, E. A. Bratton, C. A. Totter, B. K. Elliott* and *W. F. Elliott,* for appellee.

Ross, C. J.—The appellee brought this action in the DeKalb Circuit Court against the appellant to recover a balance due upon a contract and to foreclose a mechanic's lien. The venue of the cause was changed to the Steuben Circuit Court, where a trial was had, resulting in a finding and judgment for appellee.

The sufficiency of the complaint, which is in three paragraphs, is challenged for the first time by an assignment in this court.

The rule by which the sufficiency of the facts alleged to constitute a cause of action is tested, when first challenged by assignment in this court is entirely different from that applied when a demurrer has been interposed. When a demurrer has been filed to a complaint no intendment arises, and every material fact necessary to the statement of a cause of action must be alleged or the demurrer for want of facts will be sustained. But when first challenged on appeal it is held that by reason of the curative effects of a verdict and the inferences which arise in favor of the correctness of the trial court's rulings, the complaint is sufficient if the facts alleged are sufficient to bar another action for the same cause. *Milhollin* v. *Fuller*, 1 Ind. App. 58; *Burkhart* v. *Gladish*, 123 Ind. 337.

Chitty, in his Work on Pleading, volume 1, page 673 (8th ed.), in speaking of what defects in the statement of a cause of action will be cured by verdict, says: "And such intendment must arise, not merely from the verdict, but from the united effect of the verdict and the issue upon which such verdict was given. On the one hand the particular thing which is presumed to have been proved must always be such as can be implied *from the allegations on the record, by fair and reasonable intendment.*"

It arises when an issue has been formed by the plead-

ings which form the basis for the introduction of evidence. But it does not arise as to facts about which there is no issue. It follows, therefore, that when a material fact, necessary to the statement of a cause of action, is lacking, the complaint is not cured by verdict. *Cincinnati, etc., R. W. Co.* v. *Stanley*, 4 Ind. App. 364; *Harter* v. *Parsons*, 40 N. E. Rep. 157.

In support of their contention that the complaint is insufficient, counsel say: "It is nowhere alleged in either paragraph of the complaint that the appellant was the owner of, or asserting some interest in, the real estate against which the lien is sought to be enforced."

The contract sued on in this case was one entered into between the appellant and appellee, by the terms of which appellee agreed to furnish the materials and undertook to erect a building for appellant in the town of Ashley. The facts alleged in each paragraph of the complaint show a completion of the contract on the part of the appellee, and that a balance is still due and owing him thereon from appellant. The lien sought to be enforced is a remedy created by the statute, section 7255, R. S. 1894 (Elliott's Supp. sec. 1688), and may be created in favor of either the contractor, a subcontractor, or in fact any person or persons furnishing materials for or performing labor thereon.

In the cases of *Lawton* v. *Case*, 73 Ind. 60, and *Adams* v. *Buhler*, 116 Ind. 100, subcontractors, or persons furnishing materials to the original contractor, sought to acquire liens against the property upon which the improvements had been made, and in their complaints failed to allege that the defendant owned or had an interest in the real estate to be affected at the time the improvements were made, and the court held the complaints insufficient.

In neither of those cases, however, was there any per-

sonal liability shown. The right of recovery was confined to the acquisition and enforcement of the lien. In such cases it is "essential to the sufficiency of a complaint to foreclose such a lien that it should appear therein who owned the real estate, or the interest to be affected, at the time the building was erected, and that it was erected in pursuance of a contract, express or implied, with such owner." *Adams* v. *Buhler, supra.*

The complaint before us alleges facts which show a personal liability from appellee, and the lien and its foreclosure are mere auxiliary or collateral to such personal liability. It is evident that the complaint states a cause of action entitling appellee to recover a personal judgment against the appellant for whatever sum might be found still due upon the contract.

It is next urged that the evidence is insufficient to sustain the finding of the court, counsel's insistence being that there is no evidence that the lot upon which the building was erected was in DeKalb county.

In this we think counsel are in error. The appellee testified that he built the building according to his contract with the appellant, upon lot six, in block nineteen, in the town of Ashley.

The contract was introduced in evidence, and that part of it embracing the plans and specifications shows that the building was to be erected "in the town of Ashley, DeKalb county, Indiana."

The notice of the lien, which was filed in the office of the recorder of DeKalb county, shows the lien taken on lot six, in block nineteen, in the town of Ashley, in DeKalb county, in the State of Indiana, and the testimony of the appellant himself shows that in October he purchased a lot in Ashley and then entered into the contract sued on for the erection of a building thereon; that he resided in Ashley, DeKalb county, and that he bought a lot there.

These facts are uncontradicted, and we think them sufficient to sustain the finding of the court on that question.

A careful reading of the evidence convinces us that there is some evidence upon every issue necessary to sustain the finding of the court.

Judgment affirmed.

Filed April 5, 1895.