No. 1,451.

## Town of Markle *v.* Hunt et al.

Pleading.—*Complaint, Sufficiency when Questioned for First Time on Appeal.*—Where a complaint is questioned for the first time on appeal, if the complaint contain enough to render judgment thereon a complete bar to another action for the same cause, it will be sufficient.

Exceptions.—*Essential to Questions on Appeal.*—In order to present any question on appeal respecting the rulings of the trial court, an exception must be saved to such rulings.

Waiver.—*Assignment of Error.—Failure to Argue.*—Failure to argue an assignment of error amounts to a waiver of the assignment.

Practice—*Bill of Exceptions.—Motion to Have Jury Returned for Further Deliberations.*—The ruling of the trial court, in refusing to re. quire the jury to return to the jury room and further consider upon a verdict, can only be questioned on appeal by bringing the motion and the court's ruling thereon into a bill of exceptions.

From the Huntington Circuit Court.

*B. M. Cobb,* for appellant.

*Z. T. Dungan* and *J. F. France,* for appellees.

Ross, C. J.—The appellees sued and recovered judgment against the appellant in the court below upon a written contract.

The sufficiency of the facts alleged in the complaint to constitute a cause of action is questioned for the first time by an assignment in this court.

We think the complaint, as against a motion in arrest, or an assignment in this court, states a cause of action against appellant. "In such case, if the complaint contain enough to render the judgment thereon a complete bar to another action for the same cause, it will be sufficient." *Bronnenburg* v. *Rinker,* 2 Ind. App. 391.

One of the errors assigned by appellant for a reversal of the judgment of the court below is: "That the court erred in rendering judgment on the facts found by the jury in favor of the appellees."

No question is saved in the record upon which to predicate this specification of error. In order to present any question on appeal respecting the rulings of the trial court, an exception must be saved to such rulings. The appellant saved no exceptions to the court's ruling in rendering judgment in favor of appellees on the verdict.

Another specification of error is: ''That the court erred in overruling appellant's motion for a new trial.''

But one of the reasons embraced in this motion is a proper cause upon which to base such a motion, namely: ''The special finding of facts by the jury is contrary to the law.''

The questions which may be presented for review by this reason in the motion have not been argued, hence they are waived.

To save any question upon a refusal of the trial court to require the jury to return to their jury-room and further consider upon a verdict, and find all of the facts proven, it must be brought into the record by bill of exceptions, setting forth the motion and the court's ruling thereon.

We have examined all of the questions properly presented under appellant's assignment of errors, and find no ruling of the court for which the judgment should be reversed.

The appellees have assigned cross-errors asking a reversal of the judgment of the court below upon the court's ruling in sustaining appellant's motion to modify the judgment.

The question presented by appellees' specification of error was decided adversely to appellees in the appeal taken by them from this judgment. See *Hunt* v. *Town of Markle*, 12 Ind. App. 335.

Judgment affirmed.

Filed April 12, 1895.