GEIGER, TRUSTEE, EX REL. NEWMAN, ROAD SUPERVISOR *v.* HUENNEKE.

[No. 2,285. Filed October 22, 1896.]

APPEAL.—*Review of Instructions.—Evidence Not in Record.—Statute Construed.*—Under section 642, Burns' R. S. 1894, providing that on appeal it shall not be necessary to embrace the entire record, but only such parts as will enable the appellate tribunal to understand the particular question involved, and under Rule xxix of the appellate court, providing that where the evidence is not all in the record, the trial judge must certify that there was competent evidence introduced at the trial material to the point covered by the instructions, etc., the correctness of instructions given or refused will not be considered on appeal in the absence of such certificate from the trial judge, unless the evidence is in the record.

From the Ripley Circuit Court. *Affirmed.*

*M. R. Connelley, T. L. Creath* and *J. B. Rebuck,* for appellant.

*James H. Connelley,* for appellee.

REINHARD, J.—The only question attempted to be presented by the record arises upon the correctness of certain instructions given and refused. The evidence is not in the record, nor is there any certification by the judge that there was evidence material to the point covered by the instructions. The statute provides that any question of law may be reserved at the

trial for the decision of the Supreme Court, and it shall not be necessary to embrace the entire record, but only such parts as are necessary to enable the appellate tribunal to understand the particular question involved. Section 642, Burns' R. S. 1894 (630, Horner's R. S. 1896).

Rule XXIX of this court and Rule XXX of the Supreme Court require that when such question arises upon the giving or refusal of instructions it shall be sufficient to incorporate in the record all the instructions given and refused, "together with the statement of the judge that there was competent evidence introduced at the trial material to the point covered by the instructions, relevant to the questions involved and tending to sustain the theory of the party who believes himself aggrieved by the ruling of the court."

No question can be made upon the correctness of instructions given or refused, unless either the entire evidence is contained in the record, or there is a compliance with the provisions of the statute and rule above alluded to, or unless there is sufficient evidence in the record to show affirmatively that the instructions given were wrong or those refused proper, or unless the instructions given are so radically wrong as not to apply to any supposable case which might have been made by the evidence. *Cincinnati, etc., R. W. Co. v. Gaines,* 104 Ind. 526, 54 Am. Rep. 334; Elliott's App. Proced., section 193, and cases there cited. For aught we know from the record in the present case, the evidence may have been such as would have authorized the instructions given.

Moreover, in the motion for a new trial the appellant has assigned the alleged ground or cause for the motion jointly or collectively, and not severally, and the same is true with respect to the instructions refused. The seventh cause for a new trial alleges that

"the court erred in refusing to give instructions asked for by the plaintiff numbered 1, 2, and 3, on its own motion." And the eighth cause specifies that "the court erred in giving on its own motion instructions numbered 2, 3, 4, 5, 6, 7, 8, and 9." There is no attempt to show that any of the instructions were wrong except the seventh and eighth.

As to the instructions requested and refused, they may, of course, all have been proper under a given state of the evidence, but as that is not in the record, and no statement of the kind required under the statute and rule of court above referred to, we cannot say whether the instructions refused, or any of them, would have been correct if given.

Judgment affirmed.