## The Lake Erie and Western Railroad Company *v.* Keiser et al.

[No. 3,173. Filed October 30, 1900.]

RAILROADS.—*Fires.—Damages.—Contributory Negligence.*—Answers to interrogatories in an action against a railroad company for damages for property destroyed by fire escaping from defendant's right of way, to the effect that the fire was communicated to a pile of sawdust in the vicinity of plaintiff's buildings, and that plaintiff and his employes attempted to extinguish the fire, and, believing that it was extinguished, left the premises, and did not return to examine the same, but that the fire was not wholly extinguished, and continued to smoulder in the sawdust, and began to smoke and was thereafter seen by defendant's section men, who took measures to prevent it spreading, and, in five days thereafter, under an ordinary wind, spread to plaintiff's premises and destroyed his buildings, are not in irreconcilable conflict with a general verdict for plaintiff. *pp. 419-426.*

INSTRUCTIONS.—*Refusal to Give.*—There was no error in refusing instructions, where the court fully and correctly instructed the jury upon the same subject-matter. *p. 426.*

From the Randolph Circuit Court. *Affirmed.*

*J. B. Cockrum, W. E. Hackedorn, George Shirts* and *W. R. Fertig,* for appellant.

*James Bingham* and *Jesse Long,* for appellees.

WILEY, J.—Appellees sued appellant to recover for property destroyed by fire, which fire is alleged to have been ignited by one of appellant's passing locomotives on its right of way, and which, it is averred, appellant carelessly and negligently permitted to escape from its right of way onto adjoining premises and thence to appellees property, etc.

The complaint is in three paragraphs. The first paragraph avers that appellant's said road runs near and adjacent to appellees' premises, upon which was a "mill or factory building containing certain machinery," etc.; that ap-

pellant had permitted dry grass and other combustible matter to accumulate on its right of way adjoining appellees' premises; that said combustible matter covered the entire surface of said right of way, and was in that condition on October 2, 1897, and had been for some time prior thereto; that said combustible matter extended on the right of way to and connected with appellees' premises; that on said day, in running a locomotive engine over its track, appellant carelessly and negligently omitted to use spark-arresters or proper appliances to prevent the emission of sparks; that appellant in so running said locomotive, negligently and carelessly permitted it to emit sparks and fire into said grass and dry weeds, etc., whereby the same was ignited, and negligently permitted the fire so ignited to escape from its right of way and spread to and ignite appellees' buildings, etc., and destroy the same, without any fault, carelessness, or negligence on the part of appellees.

The second paragraph is substantially like the first, except it does not charge that appellant's locomotive was not properly equipped with a spark-arrester and other appliances to prevent it from emitting sparks and coals of fire. The third paragraph is so like the first and second that it is unnecessary to mention it further.

Appellant demurred to each paragraph of the complaint, which demurrer was overruled. The case was put at issue by answer in denial; trial by jury, resulting in a general verdict for appellees. With the general verdict the jury found specially as to certain facts by answering interrogatories propounded to them. Appellant moved for a new trial and for judgment on the answers to interrogatories notwithstanding the general verdict. All these adverse rulings appellant has assigned as errors.

Appellant's counsel have not discussed the assignment of error challenging the action of the court in overruling the demurrer to each paragraph of the complaint, and hence the question is waived.

The other two questions will be considered in their order. (1) Did the court err in overruling the appellant's motion for judgment on the answers to the interrogatories? It was not error so to overrule the motion unless the answers or some of them are in irreconcilable conflict with the general verdict, for by the general verdict the jury determined every material fact essential to appellees' recovery in their favor. To determine this question, we must look to the facts established by the answers to interrogatories.

The jury found that the property destroyed was at the time of its destruction owned by appellees; that appellant owned and operated the said railroad as alleged in the complaint; that all the appellees, except Clarence B., Grace, and Priscilla D. Keiser were non-residents at the time of the fire; that at the time of and prior to the fire, Clarence B. Keiser was part owner of the property destroyed, and had supervision thereof; that the fire which communicated to appellees' buildings originated on appellant's right of way September 26, 1897; that said fire communicated with weeds and grass on appellees' premises adjoining said right of way, and from thence on the same day communicated to a pile of sawdust lying immediately in the vicinity of appellees' buildings; that on the 27th of September, 1897, appellee Clarence B. Keiser was notified that said fire had been set and communicated to said pile of sawdust, and that the same was in dangerous proximity to said buildings; that prior to the time the said Clarence B. Keiser received such notice two persons in his employ were notified thereof, and hastened to said fire to extinguish it; that while they were so engaged, the said Clarence B. went to said premises and observed the fire and the efforts to extinguish it; that the said Clarence B. left said premises at that time before his two employes did; that when said employes left said premises at about 6 o'clock p. m. of said day, they believed that the fire in said pile of sawdust had been extinguished; that while there they poured water on it, and with shovels

dug up the sawdust around or partially around said premises; that said fire in said sawdust was not in fact extinguished on September 27th; that said fire continued to smoulder in the sawdust from September 27th to October 2, 1897; that between September 27th and October 2nd, none of the appellees visited said premises; that during all of said time, the said Clarence B., Grace, and Priscilla Keiser resided in the city of Muncie; that on the morning of the 28th of September, the section men in the employ of appellant dug a ditch around said pile of sawdust about three or four feet wide at the top and about two feet deep, for the purpose of preventing the spread of the fire from the sawdust to the buildings; that said sawdust was northeast of the buildings, and on the day of the fire the wind was from the northeast; that the buildings, etc., described in the complaint, were destroyed by fire October 2, 1897; that the fire which consumed the buildings was communicated from the pile of sawdust; that there was no fire on the right of way between September 26th and October 2nd; that, under all the facts proved, the appellees exercised the care to protect their property from the danger of fire that an ordinarily prudent man would have exercised; that from September 28th to October 2nd smoke was visible coming from the immediate vicinity of said sawdust pile; that none of the appellees made any effort after September 27th to discover whether said fire in the pile of sawdust had actually been extinguished; that if appellees, or either of them, had visited said premises on September 28th, 29th, and 30th, and October 1st, they could have discovered by the use of ordinary diligence that fire was still present in the pile of sawdust adjacent to their buildings.

Upon these answers, counsel for appellant urge that it was entitled to judgment notwithstanding the general verdict, because they show that appellees were guilty of negligence. They assume this position under the rule that where the owner of property has notice of danger by fire, it is negli-

gence on his part if he fails to use all means within his power to extinguish it.

In the case of *Wabash, etc., R. Co.* v. *Miller,* 18 Ind. App. 549, this court, by Black, J., said: "When, in such a case, the property owner had notice of the fire endangering his property to the loss for which he sues, if he could have prevented the loss by reasonable effort, and did not make such effort, or unless any attempt he could make and did not make to save his property after he discovered its danger, would be useless or extraordinarily hazardous or difficult, he can not recover for such loss. If he fail to do his duty, then to the extent to which his loss is attributable to such failure, he must bear it without compensation from the company. Where, as in this State, the burden rests upon the plaintiff to show his want of contributory negligence, it becomes necessary for him to show whether or not he or his servant in charge of the property had knowledge of the existence of the fire during its progress, and if it is not made to appear that such knowledge did not exist, then it devolves upon the plaintiff to show what efforts were made to save him from loss, and it is incumbent upon him to prove the use of efforts reasonable under the circumstances." In support of the rule just quoted, many authorities were collected and cited, to which we refer without comment.

The rule to which we have just referred is well entrenched by the authorities in this and other states, and would be controlling here if it were applicable to the facts upon which the decision rests. It is made perfectly plain by the facts specially found, and also by the evidence, that as soon as the appellees learned of the danger to their property, Clarence B. Keiser, who had charge of it for himself and co-appellees, repaired to the scene of the danger with two other persons in his employ for the purpose of extinguishing the fire. This they proceeded to do by the best means at their command. They carried water and poured onto the fire; took shovels and shoveled and stirred up the sawdust

where the fire was burning, and continued such process until they thought and believed that it was wholly extinguished. This property was not occupied or in use, and Clarence B. lived two miles from it. After the effort made to extinguish the fire, and the belief that it had been extinguished, he had a right to rest in that belief, in the absence of any information to the contrary.

The law requires of a person who sees or knows his property is in danger of destruction by fire caused by the negligent act of another, to use every reasonable effort and diligence to save it from impending danger, and if in this case the facts specially found show that appellees did this, and exercised such care as an ordinarily prudent person would have exercised, etc., they can not be charged with contributory negligence. By the general verdict, the jury resolved every material fact in favor of the appellees, and we are unable to find any inconsistency or contradiction of the general verdict in the facts specially found.

The facts of this case bring it squarely within the rule stated in the case of *Tien* v. *Louisville, etc., R. Co.,* 15 Ind. App. 304, in which it is said: "If a fire be negligently started, and negligently permitted to escape upon the premises of another, the owner of such premises, if he have knowledge thereof, must exercise due care to prevent the injury, or he will be deemed guilty of contributory negligence. But the landowner is not required to live upon his premises, and keep a vigilant outlook for possible negligence upon the part of others, nor is he required to hire guards for such purposes. He is not bound to anticipate that another will be derelict in his duty toward him. He may rely upon the presumption that such person will conform to the legal duties resting upon him", citing several authorities. So in this case, after appellees had been informed of the danger to which their property was exposed by the negligence of appellant, and had exercised ordinary care and prudence to subdue and extinguish the fire, they

were not required to go and live upon the premises or to place a guard there to protect their property from appellant's negligence. It is shown by the facts specially found that the property was adjacent to appellant's railroad, and it appears that appellant's servants passed over and upon the track daily from the time appellees made the effort to extinguish the fire up to the time the property was actually destroyed, and that smoke was seen coming from the smouldering fire in the sawdust daily between such dates, and they made no effort to extinguish the fire, except to dig the ditch mentioned, nor did they inform appellees. Thus it is manifest that appellant's servants knew that the fire was not extinguished, and in such case the law imposed upon them the duty of protecting the appellees' property from its possible consequence.

In 3 Elliott on Railroads, §1232, it is said: "Where it is possible for a company to easily extinguish a fire negligently started it would be to the best interests of the company to do so, for it could thus lessen the amount of damages for which it would be liable. Most of the authorities, however, in defining the duty of a company to extinguish a fire do not make any distinction between fires negligently started and those not negligently started. Some of the authorities hold that where there was no negligence in starting a fire no duty rests upon the employes of the company as servants of the company to extinguish the fire, and that the company is not liable for a failure to extinguish such a fire. But the weight of authority seems rather opposed to the doctrine just stated and it is held that where a fire has been set by sparks from locomotives of the company and the company's servants discover the fire in time to extinguish it and prevent it from doing damage to others and negligently fail to do so, the company will be liable. Where a fire is discovered by the employes operating a train the duty of such employes to the passengers would seem to be superior to their duty to stop and extinguish the fire and thus delay

the train, but where a fire is discovered by trackmen walk-ing or traveling along the track, they should use care to ex-tinguish it." See authorities cited.

The fact that the fire was started one day and was ap-parently extinguished, and after, without any intervening cause, it springs into new life and spreads, does not relieve the company from liability, where it, through its servants, has knowledge of such facts; and in such case they are bound to use every reasonable precaution to prevent injury, as in the first instance.

Counsel for appellant urge that the fire which destroyed appellees' property was due to an independent cause, to wit, the wind. The facts disclosed by the record do not support this proposition.

In the case of *Haverly* v. *State Line, etc., R. Co.*, 135 Pa. St. 50, 19 Atl. 1013, the plaintiff had notice of the fire, and, as in this case, made an attempt to extinguish it, and believed he had done so, but in fact had not, and the fire subsequently broke out anew and spread to his property and destroyed it. The court in deciding the case said: "The break in the chain of events was merely a gap in the time. Had the fire extended from the stump to plaintiff's lumber without interval, on the same afternoon, this case would have been exactly parallel with *Pennsylvania R. Co.* v. *Hope* [80 Pa. 373]. But the fact that the fire smouldered awhile in the stump, and, after it was supposed to have been extinguished, broke out again the next day, while it makes the conclusion less obvious that the damage was done by the same fire, does not interpose any new cause, or enable the court to say as matter of law that the causal connection was broken.. The sequence from the original fire to the burning of plaintiff's logs was interrupted by two apparent cessations of the fire, but the jury have found that the cessations were only apparent, leaving intervals of time in the visible pro-gress of the fire, but making no real break at all in the actual connection. In *Pennsylvania R. Co.* v. *Kerr,* [62 Pa. St.

353] it is said by Thompson, C. J., that the rule 'is not to be controlled by time or distance, but by the succession of events;' and in *Hoag* v. *Lake Shore, etc., R. Co.,* [85 Pa. St. 293] Trunkey, P. J., in charging the jury, had quoted the foregoing, and added: 'Whether the fire communicated to the plaintiff's property within a few minutes, or after the lapse of hours from the negligent act, may be immaterial.' It is said in this case that the agents of plaintiff on the ground did not anticipate a further spread of the fire after the interval of time, and therefore it can not be assumed that the defendant should have anticipated it. But the agents of plaintiff did not expect it, because they thought the fire had been put out, not because they did not see the danger of its spreading while it was burning; and this was the danger that appellant was bound to contemplate, to wit, the natural and probable consequence of the original act, not the effect of the supposed extinguishment subsequently. The pauses in the progress of the fire, therefore, and the lapse of time, while matter for the consideration of the jury in determining the continuity of effect, do not of themselves make such a change as requires the court to say that they break the connection." It was also held in that case that it was the duty of the railroad company to anticipate the results of ordinary winds under such circumstances. The evidence in this case shows that on the day of the fire there was only an ordinary wind blowing. See, also, *Chicago, etc., R. Co.* v. *Kreig,* 22 Ind. App. 393; *Chicago, etc., R. Co.* v. *Luddington,* 10 Ind. App. 637; *Chicago, etc., R. Co.* v. *Williams,* 131 Ind. 30; *Louisville, etc., R. Co.* v. *Nitsche,* 126 Ind. 229, 9 L. R. A. 750.

If appellees had not known of the fire, they would have had no duty in regard to it; but knowing it, they were bound to take all reasonable and practicable measures to prevent its spreading to their property. They were not insurers. The measure of their duty in this regard was reasonable care and diligence, and whether they used these

was for the jury to determine from all the facts. Both by the general verdict and the answers to interrogatories, the jury resolved this fact in their favor. There is no contradiction between the general verdict and the answers to interrogatories. Appellant's motion for judgment on the answer to interrogatories was properly overruled.

The only question presented under the motion for a new trial is the alleged error of the court in refusing to give instructions numbered one to five, inclusive, tendered by appellant. All these instructions related substantially to the same subject-matter, and that was that if the appellees had notice of the fire and undertook to extinguish it and left such work unfinished, they could not recover unless they showed that further effort on their part would have been unavailing. There was no error in refusing these instructions for two reasons: (1) They did not state the law correctly as applied to the facts, and (2) the court fully instructed the jury upon the same subject-matter, and correctly stated the law as applied to the facts.

Judgment affirmed.