## INDIANAPOLIS STREET RAILWAY COMPANY *v.* WALTON.

[No. 3,820. Filed June 19, 1902.]

APPEAL AND ERROR.—*Complaint.*—A complaint tested for the first time on appeal will be held sufficient, if it states facts sufficient to bar another action. *p. 371.*

VERDICT.—*Answers to Interrogatories.*—*Conflict.*—Answers to interrogatories in an action against a street railroad company for injuries sustained by plaintiff by reason of a rope stretched across a street crossing by defendant in repairing its wires, showing that the method used by defendant in fixing the broken wire was reasonably prudent, will not overcome a general verdict for plaintiff, where it was also shown by the interrogatories and answers that the method was such as probably to have caused the injury to careful persons who were in the vicinity, and that defendant could have better given warning of the situation of said rope by placing a guard and danger signal at the point of danger. *pp. 371-374.*

Indianapolis St. R. Co. *v.* Walton.

TRIAL.—*Instructions.*—It is not error to refuse an instruction though it correctly states the law, where the court fully and correctly instructed the jury upon the same subject-matter. *p. 375.*

SAME.—*Instruction.*—*Care in Crossing Street.*—*Personal Injury.*—An instruction that when a person is about to cross a public street in a city he is required to exercise ordinary and reasonable care to observe any obstructions or danger that may be in the street, and to look out for passing vehicles or such permanent obstructions as would be ordinarily expected to be found in the street, but that he is not required to anticipate and guard against obstructions which are unusual, and such as would not ordinarily be observed in the exercise of reasonable and ordinary care in passing along or upon a public street is not subject to the objection that it fails to state that a person in such circumstances is required to look and see what is in the street, the instruction being broad enough to include all obstructions that an ordinarily prudent person must observe. *p. 375.*

SAME.—*Instructions.*—*Personal Injuries.*—*Measure of Damages.*—An instruction in an action for personal injuries that in estimating plaintiff's damages the jury might take into consideration the nature and extent of her injuries; whether the same were temporary or permanent; also any physical or mental suffering endured by her, if any had been shown by the evidence, and "from all the facts and circumstances surrounding the case as shown by the evidence, you may give her such damages as will in your judgment, under the evidence, fully compensate her for the injuries she has sustained, not exceeding the amount named in her complaint," fairly informed the jury what facts they might consider in fixing plaintiff's damages. *p. 376.*

From Marion Superior Court; *Vinson Carter*, Judge.

Action by Mary A. Walton against the Indianapolis Street Railway Company for damages for personal injuries. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter* and *W. H. Latta*, for appellant.
*H. N. Spaan*, for appellee.

WILEY, C. J.—Three questions are presented by the assignment of errors for decision, to wit: (1) The sufficiency of the complaint; (2) the overruling of appellant's motion for judgment on the answers to interrogatories, notwithstanding the general verdict; and (3) the overruling

of appellant's motion for a new trial. The complaint avers that on a certain day in February, 1900, appellant stretched a rope along the southeast side of Massachusetts avenue, in the city of Indianapolis, for the purpose of putting in place a certain wire which was necessary for the operation of its electric system of street railways; that such rope was stretched in such manner as to extend over the street crossing of said avenue near Delaware and New York streets; that it was about three or four feet from the ground, and was so stretched in the night-time; that immediately west of where said rope was stretched, two lines of street railway were situated, lying side by side along said avenue; that at the time said rope was stretched street cars were being operated along said lines; that there were no warning lights out, nor any other warning to the public traveling over said crossing; that on the evening of said day, about ten o'clock at night, appellee, in company with others, was going home from church, which was situated on the corner of New York and Pennsylvania streets; that plaintiff lived on Washington street, east of Delaware street; that in going home, traveling from the west, she crossed over the crossing of Massachusetts avenue where said rope was stretched; that appellee was a large woman and was walking in the rear of her companions; that as she was crossing over said avenue she saw cars at some distance from her on the track on Massachusetts avenue; that she kept her eyes on them part of the time, looking out for any danger that might arise therefrom; that before she came to the rope, stretched as aforesaid, some men shouted, and she became somewhat confused, believing that there was danger from the cars approaching; that she walked rapidly over said crossing to get out of the way of the cars, and not seeing the rope on account of her confusion and hurry, and because said rope was not visible to her because of its position as heretofore described, she ran into it, was thrown violently backward against the hard street, and injured. It is further charged that she received

her injuries by reason of the negligence of appellant in stretching the rope as aforesaid, without proper safeguards, or warning, and at an improper height.

The sufficiency of the complaint is questioned for the first time on appeal, as it was not tested by demurrer below. In such case the same degree of strictness is not applied to it as would be required had it been tested by demurrer in the first instance. *Citizens St. R. Co.* v. *Spahr,* 7 Ind. App. 23. Where a complaint is tested for the first time on appeal by an assignment of errors, it will be held sufficient if it states facts sufficient to bar another action. *Xenia, etc., Co.* v. *Macy,* 147 Ind. 568; *Bertha* v. *Sparks,* 19 Ind. App. 431; *Cummings* v. *Girton,* 19 Ind. App. 248; *Town of Markle* v. *Hunt,* 12 Ind. App. 353; *Clark* v. *Maxwell,* 12 Ind. App. 199. Under the rules stated we think the complaint sufficient.

There were propounded to and answered by the jury numerous interrogatories, and upon such answers appellant insists that it was entitled to judgment notwithstanding the general verdict. This insistence rests upon two asserted propositions, viz.: (1) That the answers show that appellant was not guilty of any negligence; and (2) that they do show that appellee was guilty of negligence contributing to her injury. If the answers to interrogatories disclose a want of negligence on the part of appellant and contributory negligence on the part of appellee, then they are in irreconcilable conflict with the general verdict, for by the general verdict the jury resolved both of these questions in favor of appellee.

The jury found that a feed wire, which was suspended from the poles, had broken a short distance northeast from where appellee was injured and shortly before the accident; that the poles to which the wire was suspended were in the middle of the street; that at the time of the accident appellant's servants were engaged in repairing the broken wire; that in fixing the wire a rope was attached to it by block

and tackle; one end of the rope was over the arm of one of
the poles and the other end attached to the draw-bar of a
car; that the car was then backed for the purpose of raising
the wire; that said car was thus backed when appellee was
about to pass Massachusetts avenue.   The jury found that
as appellee was crossing the avenue there was a car ap-
proaching a short distance northeast of the crossing; that
there was a headlight burning on the approaching car, and
also the car to which the rope was. attached, which was
headed in the opposite direction; that when appellee started
across said avenue the car to which the rope was attached
was standing a short distance southwest of her; that appel-
lee saw the car approaching from the northeast as she was
about to pass upon the tracks; that she did not see the car
to which the rope was attached; that the foreman in charge
of the men fixing the broken wire was standing on the life-
guard of the car to which the rope was attached; that before
appellee came in contact with the rope he (said foreman)
did not shout to the plaintiff "look out, there is a rope," or
words to that effect; that he did not shout to warn her of the
rope until after she was hurt; that the motorman on the car
approaching from the northeast did not warn appellee of
the rope.   The jury found that the rope was three-quarters
of an inch in diameter, and that appellee was injured by
coming in contact with it and being thrown down.   Also, the
headlight of the car to which the rope was attached did not
sufficiently reveal the rope to every one; that when appellee
started to cross the street she was not confused until she saw
the car approaching from the northeast.   Interrogatory
forty-nine and the answer are as follows: "Could the plain-
tiff, if she had not been confused and had used ordinary
care in looking, have seen said rope in time to have avoided
contact with it by the use of ordinary care?"   Ans.   "No."
It was also found that the method used by appellant in fix-
ing the broken wire was reasonably prudent; that said
method was such as to have probably caused the injury to

careful persons who were in the vicinity; that appellant could have better given warning of the situation of said rope by placing a guard and danger signal at the point of danger.

Counsel for appellant urge that the answers to interrogatories show that it was not negligent, for the reason that the method used in raising the wire was reasonably prudent; that the cars were only a short distance away, and because the headlight was above the rope and shown upon it. It is also claimed that the answers to interrogatories show that the jury imposed upon appellant a greater degree of responsibility than is required by law, because it is shown by the answers that while the headlight was shining upon the rope, it was not sufficient to reveal it to every one, and that, while the method used was reasonably prudent, the jury found that appellant should have stationed a guard and light at the point of danger. We are now dealing with the question as to whether or not the answers to interrogatories are sufficient to override the general verdict, and such question involves the negligence of the appellant and the non-negligence of the appellee. While the jury found that the appellant was fixing the broken wire in a reasonably prudent manner they also found that the rope was not visible to every one and that a safer plan would have been to place a guard or light at the point of danger. We do not think that this is placing upon appellant a greater degree of responsibility than the law requires.

It is certainly a dangerous device to stretch a rope across a public street in the night-time, where persons are continually passing to and fro, at such a height from the ground as to strike foot passengers, and not properly to guard and warn such passengers of its presence and danger. The jury found that the light from the headlight on the car to which the rope was attached was not sufficient to reveal its presence to every one. This is the finding of a fact, and not inconsistent with the surroundings and conditions. The angle of vision, or the direction a traveler might be going, might

easily account for this, for it is evident that the reflection of the light from the headlight on the car would meet the vision of different persons, occupying different positions, with varying results. The answers to interrogatories show that appellee did not see the rope, and could not have seen it by the exercise of ordinary care in looking, in time to have avoided coming in contact with it. While the answers to interrogatories do not specially show that other travelers crossing the street as appellee was, did not see the rope, yet answer to interrogatory number forty-six discloses the fact that the light was not sufficient to reveal the rope to every one.

While it is foreign to the question now under consideration, it is not out of place to state that the evidence shows that a gentleman who was crossing the avenue immediately in front of the appellee did not see the rope until he came in contact with it.

The jury found that appellee was not warned of the danger by persons shouting to her, etc., until after she had been thrown to the ground. So we are confronted with this situation: Appellant placed a dangerous obstruction across the street, failed to guard it by lights sufficient to reveal it to every one, failed to place any danger signals of any character to warn travelers, and all this was the proximate cause of appellee's injury. Such acts must be held to constitute negligence. The answers to interrogatories do not show that appellee was guilty of contributory negligence. We are unable to see anything in the answers to interrogatories inconsistent or irreconcilable with the general verdict. On the contrary they strengthen and support the general verdict.

Under the motion for a new trial the only questions discussed are those arising upon the refusal of the court to give two instructions tendered by the appellant and in giving three instructions upon the court's own motion. There was no error in refusing instructions number five and six, ten-

dered by appellant, for the reason that the court gave other instructions which fully covered the questions embraced in those refused. It is not error to refuse an instruction, though it correctly states the law, where the court fully and correctly instructed the jury upon the same subject-matter. *Home Ins. Co.* v. *Sylvester,* 25 Ind. App. 207, and authorities there cited; *Lake Erie, etc., R. Co.* v. *Keiser,* 25 Ind. App. 417. By its eighth instruction the court told the jury that when a person is about to cross a public street in a city such person is required to exercise ordinary and reasonable care to observe any obstructions or danger that may be in the street; that the traveler is required to look out for the passing vehicles or such permanent obstructions as would be ordinarily expected to be found in the street; but that a person would not be required to anticipate and guard against obstructions which are unusual, and such as would not ordinarily be observed in the exercise of reasonable and ordinary care in passing along or crossing a public street. Objection is urged to this instruction because, as counsel say, it fails to say to the jury that a person under such circumstances is required to look and see what is in the street. Counsel are in error in this, for in the first part of the instruction the jury are told that a traveler on a public street is required to exercise ordinary care in observing any obstructions or dangers that may be in the street. This language is broad enough to include all obstructions that an ordinarily prudent person must observe. It is also objected to because the inference from the instruction is that a traveler is not bound to observe anything but vehicles and permanent obstructions. The instruction will not bear any such construction. The care which a traveler upon a public street is required to exercise to learn of and avoid danger is, as defined by the courts, ordinary and reasonable care. The measure of appellee's duty in this regard was fully and fairly stated to the jury by this instruction.

By the eleventh instruction, given by the court and of which appellant complains, the jury were told that, in case they found for the appellee, in estimating her damages, they might take into consideration the nature and extent of her injuries; whether the same were temporary or permanent; also any physical or mental pain or suffering endured by her, if any had been shown by the evidence, and "from all the facts and circumstances surrounding the case as shown by the evidence, you may give her such damages as will in your judgment, under the evidence, fully compensate her for the injuries she has sustained, not exceeding the amount named in her complaint." While this instruction is not very happily worded, we do not find anything in it of such objectionable a character as to warrant a reversal. We think the instruction fairly informed the jury what facts they might consider in fixing appellee's damages and they were specifically told that they could only consider such facts and circumstances as were established by the evidence. These statements to the jury must be regarded as having reference directly to the manner appellee was injured, the extent of her injury; her mental and physical suffering, and all as disclosed by the evidence. The instruction was not erroneous.

Judgment affirmed.