## PETTY ET AL. v. FRAKES.

[No. 10,549.  Filed December 23, 1920.  Rehearing denied March
10, 1921.  Transfer denied April 26, 1921.]

EXCEPTIONS, BILL OF.—*Failure to Set Out Evidence.—Sufficiency.*
—A bill of exceptions prepared pursuant to §§664-667 Burns
1914, Acts 1911 p. 193, which merely recites that plaintiff
introduced evidence tending to prove all the material aver-
ments of the complaint and tending to controvert the defend-
ants' evidence, and that defendants introduced evidence tend-
ing to prove all the material averments of their counterclaim
and tending to controvert the plaintiff's evidence, is insufficient
to present any questions for consideration on appeal.

From Decatur Circuit Court; *John W. Donaker,*
Judge.

Action by Nannie Frakes against William Petty and
another.  From a judgment for plaintiff, the defendants
appeal.  *Affirmed.*

*Hugh Wickens, John E. Osborn* and *Frank Hamilton,*
for appellants.

*Tremain & Turner,* for appellee.

DAUSMAN, P. J.—This action was commenced by
Nannie Frakes against William Petty and his wife
Nancy Petty to recover possession of real estate.  The
defendants filed a counterclaim.  Verdict and judgment
for the plaintiff.  A reversal is sought on the ground
that the court erred in the instructions.

Appellants have informed this court that the bill of
exceptions was prepared pursuant to §§664-667 Burns
1914, Acts 1911 p. 193; but no attempt has been made
to set out the evidence or "a succinct recital of the sub-
stance" of any part thereof.  The bill contains a recital
to the effect that the plaintiff introduced evidence tend-
ing to prove all the material averments of the complaint
and tending to controvert the defendants' evidence; and
that the defendants introduced evidence tending to

prove all the material averments of the counterclaim and tending to controvert the plaintiff's evidence. It is clear, therefore, that the bill is insufficient to present any question for our consideration.

Counsel for appellant are not claiming anything under §691 Burns 1914, §650 R. S. 1881, but we deem it proper to observe that the bill is not sufficient even under that section. See *Goshen Milling Co.* v. *Bailey* (1917), 186 Ind. 377, 383, 114 N. E. 869; *Atkinson* v. *Maris* (1907), 40 Ind. App. 718, 723, 81 N. E. 745; *Adams* v. *Vanderbeck* (1896), 148 Ind. 92, 45 N. E. 645, 47 N. E. 24, 62 Am. St. 497; *Geiger* v. *Huenneke* (1896), 16 Ind. App. 326, 44 N. E. 1117.

Judgment affirmed.

McMahan, J., not participating.