## CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. MOORE, BY NEXT FRIEND.

[No. 6,913.  Filed December 16, 1909.]

1.  RAILROADS.—*Crossing Accidents.—Justices of the Peace.—Complaint.*—A complaint, in an action before a justice of the peace, alleging that defendant railroad company negligently ran its engine against plaintiff's horse and wagon, at a speed in violation of the city ordinance, after the defendant knew or should have known of the danger, and without any negligence on plaintiff's part, to plaintiff's damage, states a cause of action before a justice of the peace.  p. 59.

2.  TRIAL.—*Verdict.—General.—Effect.*—A general verdict settles all conflicts in the evidence in favor of the successful party, and establishes all allegations upon which there is any proof.  p. 60.

3.  RAILROADS.—*Crossing Accidents.—Last Clear Chance.—Evidence.*—Where it was impossible for the engineer to avoid the accident complained of, after he ascertained, or should have ascertained, the danger, the company is not liable.  p. 60.

4.  NEGLIGENCE.—*Complaint.—Railroads.—Injuries to Property.—Negativing Contributory Negligence.—Presumptions.*—In actions for damages to property, the plaintiff must aver and prove freedom from contributory negligence, and the presumption is against the one having the burden of proof.  p. 60.

5. RAILROADS.—*Crossing Accidents.—Evidence.*—Where a driver, in the night, drove upon a crossing, without using any care, and his horse was killed by a passing train, no recovery can be permitted. p. 60.

6. EVIDENCE.—*Contradicting Physical Facts.—Presumptions.*—A person is conclusively presumed to hear what is clearly audible, and to see what is plainly visible. p. 61.

7. APPEAL.—*Want of Evidence.*—Where there is a total want of evidence to support a material allegation of the plaintiff's complaint, a judgment in his favor will be reversed. p. 61.

From Superior Court of Marion County (74,196); *Vinson Carter,* Judge.

Action by Ray Moore, by his next friend, against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*John J. Kelly,* for appellant.

*J. Burdette Little,* for appellee.

ROBY, J.—This suit was begun before a justice of the peace. From a finding and judgment for the defendant, the plaintiff appealed, and obtained a judgment for $160 in the Superior Court, and from this judgment the defendant appeals to this court.

The complaint, tested by the rules of pleading which obtain in actions before justices of the peace, is sufficient. *Clifford* v. *Meyer* (1893), 6 Ind. App. 633. The 1. charge is that the defendant negligently ran its engine and train of cars against the plaintiff's horse and wagon. The specific acts of negligence set up are: That the train was run at a rate of speed in excess of that fixed by an ordinance of the city of Indianapolis, within the corporate limits of which the accident took place; that no warning of the approaching train was given by whistle, bell, or watchman, and that the persons in charge of the engine failed to reduce the speed, after they knew or should have known of the danger in which the driver of plaintiff's team

was placed. The general verdict settles all conflicts of evidence in plaintiff's favor. It also establishes the charges of negligence made in the complaint, where there is any evidence supportive of them.

2.

There is no evidence tending to sustain the averment of negligence on the part of the engineer, after the horse and wagon came into range of his vision, if it ever did so.

To have slackened speed as much as could have been done in the distance which the engine had to go after the frightened horse ran toward the track on which the train was approaching, might have enabled the horse to pass upon the track ahead of the train, in which event the driver could scarcely have hoped to escape with his life; as it was the horse ran against the engine and was killed. The wagon shafts were broken off and the vehicle stood otherwise unharmed.

3.

This is an action to recover damages, for injury to personal property. It was therefore necessary for the plaintiff to aver and prove that he was not contributorily negligent. *Indiana, etc., Torpedo Co.* v. *Lippincott Glass Co.* (1905), 165 Ind. 361. The presumption in such case is against the party having the burden of proof. *Hathaway* v. *Toledo, etc., R. Co.* (1874), 46 Ind. 25, 30; *Nichols* v. *Baltimore, etc., R. Co.* (1904), 33 Ind. App. 229.

4.

The testimony of the driver is that he was driving in a walk until he "got right onto the first tracks." He then looked in each direction, and saw the train coming from the west about three hundred feet distant. Its headlight was burning and it made "an awful roar" as it passed him. He testified that he could see nothing until he got on the first track, on account of obstructions which he described and with which he was familiar. It was dark. The horse saw the approaching engine as soon as the driver saw it, and became frightened. The approaching train was on a track, forty feet distant, and, as before stated, the frightened horse ran against the engine and was instantly

5.

killed. There is no evidence that the slightest care was used to ascertain if a train was approaching, before driving upon the first track. The degree of care required from a traveler approaching a railroad crossing is well settled. He must take into account the presence of known obstructions which cut off the view, and ordinary care under the circumstances is the measure of his duty. *Chicago, etc., R. Co.* v. *Thomas* (1900), 155 Ind. 634; *Lake Shore, etc., R. Co.* v. *McIntosh* (1895), 140 Ind. 261; *Oleson* v. *Lake Shore, etc., R. Co.* (1896), 143 Ind. 405, 32 L. R. A. 149.

The appellee's driver did not use any care before passing upon the first track. It is true, he says he listened and heard nothing, but the physical fact and his own testimony as to the noise made by the train are against him. He is presumed to have heard what he could have heard by listening. *Malott* v. *Hawkins* (1902), 159 Ind. 127; *Morford* v. *Chicago, etc., R. Co.* (1902), 158 Ind. 494.

The fright of the horse has no bearing upon this part of the case. The facts did not make a case for the jury.

The judgment is reversed and the cause is remanded, with instructions to sustain appellant's motion for a new trial.