## DITTON ET AL. *v.* HART, ADMINISTRATRIX, ET AL.

[No. 21,746.    Filed May 23, 1911.]

1. EXECUTORS AND ADMINISTRATORS.—*Petitions to Sell Real Estate for Payment of Debts.—Conclusions.*—In a petition by an administrator for an order to sell real estate for the payment of debts, an allegation that "whatever may be the liability of [a certain defendant] to said estate, it will not be sufficient by many thousand dollars to pay the debts of said estate," is one of fact and not a conclusion.  p. 592.

2. EXECUTORS AND ADMINISTRATORS.—*Claims.—Petitions to Sell Real Estate.*—In a petition by an administrator to sell real estate for the payment of debts, it is not merely the claims actually filed but also those that legally exist, that may be considered.  p. 593.

3. EXECUTORS AND ADMINISTRATORS.—*Claims.—Time for Filing.*—Claims against decedents' estates should be filed within one year from the giving of notice of the appointment of an administrator, and if the estate is not settled at the end of one year, claims may be filed subsequently, and must be prosecuted at the claimant's expense (§2828 Burns 1908, Acts 1883 p. 151, §5).  p. 593.

4. EXECUTORS AND ADMINISTRATORS.—*Claims.—Payment without Filing.*—An administrator who pays claims without the filing and allowance thereof, as required by statute (§2828 Burns 1908, Acts 1883 p. 151, §5), does so at his peril.  p. 594.

5. EXECUTORS AND ADMINISTRATORS.—*Claims.—Assets.—Personalty.—Real Estate.*—The personal property of a decedent constitutes the primary fund from which the debts shall be paid; and resort to the real estate may be had only where the personal property is insufficient for the payment of the debts.  p. 594.

6. EXECUTORS AND ADMINISTRATORS.—*Petition to Sell Real Estate for Payment of Debts.—Sufficiency.*—A petition by an administrator to sell real estate for the payment of debts, alleging that claims against such estate had been duly allowed in the sum of $38,000, that a claim for $4,000 had not been filed, that the costs of administration would be $1,000, that there were unpaid taxes of over $1,000, that decedent's bonds in the sum of $22,500, secured by mortgage, were outstanding, and that the personal estate "will not be sufficient by many thousand dollars to pay the debts of said estate," shows a necessity for subjecting decedent's real estate to sale for the payment of debts.  p. 594.

7. EXECUTORS AND ADMINISTRATORS.—*Sales of Real Estate to Pay Debts.—Parties.*—A trust company having in its possession an unreported amount of personal property belonging to a decedent's estate is a proper party to a petition by the administrator to sell decedent's real estate for the payment of debts.  p. 594.

8. EXECUTORS AND ADMINISTRATORS.—*Sales of Real Estate to Pay Debts.—Parties.—Devisees under Void Will.*—The devisees under decedent's will which had been set aside as invalid, but in which case an appeal was pending, are proper, though not necessary, parties defendant to a petition by the administrator of decedent's estate to sell the real estate for the payment of debts. p. 594.

9. ACTION.—*In Rem.—Administrators.—Sales of Real Estate to Pay Debts.*—An action by an administrator for the sale of real estate to pay debts is *in rem*, and a personal judgment against the defendant heirs is not contemplated. p. 595.

10. EXECUTORS AND ADMINISTRATORS.—*Sales of Real Estate to Pay Debts.—Answers.—Harmless Error.*—Sustaining a demurrer to an answer to an administrator's petition to sell real estate to pay debts, such answer alleging that the administrator could borrow, for a term of from three to five years, sufficient money with which to pay the debts and that the rentals for such period would extinguish the loan, thereby saving the real estate, is harmless, where the general denial also was pleaded, the facts being admissible thereunder. p. 595.

11. EXECUTORS AND ADMINISTRATORS.—*Sales of Real Estate to Pay Debts.—Stay of Order.—Wills.—Appeal.*—An administrator's order for the sale of real estate cannot be stayed on the ground that the lands ordered sold were devised to defendants by the decedent's will, and that an appeal had been taken from the judgment setting aside such will, the statutory method of staying an order (§2889 Burns 1908, §2371 R. S. 1881) being exclusive. p. 595.

12. EXECUTORS AND ADMINISTRATORS.—*Sales of Real Estate to Pay Debts.—Stay of Order.—Wills.*—An administrator's order to sell decedent's real estate to pay debts should not be stayed, where decedent's will, adjudged invalid, but in which an appeal was pending, had devised other real estate to certain persons, the land ordered sold passing under the residuary clause, and being first subject to sale for the payment of debts. p. 596.

13. EXECUTORS AND ADMINISTRATORS.—*Sales of Real Estate to Pay Debts.—Evidence.*—Evidence showing that an administrator's inventory of personal property showed $3,540.42, that the administrator had received less than $2,000 in cash, all of which except $50 had been expended, that such administrator had borrowed over $2,000 with which to pay taxes, that there can probably be

collected the further sums of $1,100 and $2,000 and that claims have been filed against the estate aggregating between $40,000 and $50,000, authorizes the court to order the sale of real estate to pay such debts.    p. 596.

From Warren Circuit Court; *J. T. Saunderson*, Judge.

Action by Abigail H. Hart, as administratrix of the estate of Jane Hawkins, deceased, against Minerva H. Ditton and others.    From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Kumler & Gaylord* and *Charles M. Snyder*, for appellant.

*E. P. Hammond, W. V. Stuart, Dan W. Simms, Allison E. Stuart, Daniel Fraser* and *Will Isham*, for appellee administratrix.

JORDAN, C. J.—This appeal is taken from an interlocutory order of the Warren Circuit Court, authorizing, upon the petition of the administratrix of Jane Hawkins, deceased, the sale of certain lands, for the purpose of making assets for the payment of the debts and liabilities of said estate. The petition to sell was filed in the Benton Circuit Court on March 29, 1909.

The facts disclosed by the petition are that the decedent, Jane Hawkins, died on March 24, 1908, in Benton county, Indiana, and that Abigail H. Hart was, on February 9, 1909, by the clerk of the Benton Circuit Court, duly appointed administratrix of her estate, and the proper letters of administration were issued to her. This appointment was confirmed by the Benton Circuit Court on March 22, 1909. Abigail H. Hart duly qualified as such administratrix, and assumed the duties of the trust. The heirs of the decedent, together with the LaFayette Loan and Trust Company, and other parties mentioned and named in the petition, were made parties defendant. The administratrix filed an inventory and appraisement of the real estate described in the complaint, showing that these lands were of the value of $43,925. She also filed an additional bond as required by the statute.

The cause was venued to the Warren Circuit Court, where it was tried and determined, and the lands described in the petition of the administratrix were, on May 26, 1910, ordered by the court to be sold at public sale upon the terms and conditions prescribed and fixed in the order; the proceeds of such sale were to be applied to the payment of the debts and liabilities of said estate.

The petition to sell said real estate further alleged that said Jane Hawkins, at her death, left an instrument in writing purporting to be her last will and testament, which document was admitted to probate in the Benton Circuit Court on April 2, 1908; that an action to contest the validity of this will was commenced in the Benton Circuit Court, but subsequently was venued to the Warren Circuit Court, wherein by a judgment of said Warren Circuit Court, duly rendered on February 8, 1909, the will was set aside and declared to be null and void, and the probate thereof revoked; that in the action to contest the will, all the heirs of the decedent and all the beneficiaries under the pretended will, together with the LaFayette Loan and Trust Company, which was nominated in said will as the executor, were made parties and appeared. A duly certified copy of the judgment of the Warren Circuit Court, setting aside the will and revoking the probate thereof, was recorded in the records of wills in the office of the clerk of the Benton circuit court on February 9, 1909, and on that day, as previously shown, letters of administration on the estate of said Jane Hawkins were duly issued by the clerk of the Benton circuit court to Abigail H. Hart, who duly qualified, and has since been and is now acting as such administratrix.

The petition further alleged that decedent, Jane Hawkins, left surviving her as her only heirs at law, her daughters Abigail H. Hart, wife of George H. Hart, Elizabeth H. Bond, wife of John L. Bond, Minerva H. Ditton, wife of William V. Ditton, and Martha J. Jewell, wife of Charles W. Jewell, and her grandson James Hawkins.

It is alleged that at the time of her death said decedent was the owner, among other lands, of real estate situated in Benton county, Indiana, liable to sale to make assets for the payment of debts and liabilities of said estate. The probable value of this real estate, exclusive of liens thereon, is alleged to be $40,000. It is further averred that no personal estate of the decedent has come into the possession of said administratrix, but that the personal property of the decedent was received by the LaFayette Loan and Trust Company, which was made executor of the pretended will of the decedent, and that company has not yet accounted for the assets of said estate received by it, and the administratrix is unable to state the amount of such assets for which said LaFayette Loan and Trust Company is accountable to said estate; that a rule issued on plaintiff's petition has been presented in this court against said company, requiring it to file its account showing its transactions with respect to said estate, and the amounts with which it is chargeable. It is, however, averred in the petition to sell, that "whatever may be the amount of the liability of the LaFayette Loan and Trust Company to said estate, it will not be sufficient, by many thousand dollars, to pay the debts of said estate."

It is further alleged that claims have been filed and allowed against the estate amounting to $38,000; that there is a note for $4,000, executed by decedent to said LaFayette Loan and Trust Company, which has not yet been filed against the estate; that the expenses of administration will probably amount to $1,000, and the taxes assessed against the property of decedent for the year 1908, and which were a lien against her real estate at the time of her death, are unpaid, and amount to $1,115.55.

It is further averred that on April 12, 1905, the decedent executed to the LaFayette Loan and Trust Company two bonds, one for $20,000 and the other for $2,500, payable five years after date, with interest at five per cent per annum,

and that she secured the payment of these bonds by executing to that company a mortgage on all of section six, and all of section seven except the southeast quarter, said sections being in township twenty-five north, range nine west, in Benton county, Indiana; that these bonds so secured by mortgage remain unpaid except as to the interest thereon. This mortgage was duly recorded in the office of the recorder of Benton county, Indiana, and the LaFayette Loan and Trust Company, the holder of said mortgage and bonds, is made a party defendant to this petition. It is averred that defendants James H. Ditton, J. Sumner Ditton, Jane Jewell and Abigail H. Jewell were beneficiaries and devisees under said pretended will, and were parties defendant in the action in which said will was set aside.

The prayer is that upon the hearing of the petition an order be granted by the court empowering the administratrix to sell the real estate specifically described, or so much thereof as may be necessary to discharge the debts and liabilities of the estate.

The following errors are urged by appellants' counsel for reversal of the order: (1) The insufficiency of the petition on demurrer; (2) sustaining demurrer of appellee administratrix to the second paragraph of appellants' answer; (3) refusal of the lower court to stay proceedings on the order.

It appears that the adult defendants, as heirs, demurred to the petition, alleging, as ground for demurrers, insufficiency of facts. Other defendants who were minors, by their guardian *ad litem*, demurred to the petition on the same ground. The LaFayette Loan and Trust Company also separately demurred to the petition for want of facts. These demurrers were overruled and exceptions reserved. All the defendants then separately answered the petition by an answer in two paragraphs, the first being the general denial. These answers are virtually identical. The second paragraph alleges in substance, that the land described in the petition of the administratrix is of the probable value

of $45,000; that at the time of the death of decedent she was the owner of about five thousand acres of land situated in Benton county, Indiana, of the probable value of $600,000; that the rental value of this land is about $25,000 per annum, less the taxes to be paid thereon; that a sum sufficient to pay and satisfy all the debts of the estate can be borrowed by the administratrix at five per cent per annum for a period of from three to five years; that such a loan can be carried as a debt against the estate, and repaid out of the income of all the lands of which the decedent died seized.

It is further alleged that decedent left a will which, after her death, was probated in the Benton Circuit Court; that the defendants, other than the LaFayette Loan and Trust Company, were devisees under this will; that in an action contesting the will it was, by a judgment of the Warren Circuit Court, set aside and held to be null; that defendants have appealed from this judgment to the Supreme Court of Indiana, wherein said appeal is still pending. The prayer of the paragraph is that the lands be not sold, as prayed for in the petition.

A demurrer by the administratrix, for want of facts, to the second paragraph of these answers, was sustained.

Appellants' counsel argue that the petition is not sufficient on demurrer, because (1) it does not show the amount of the personal property belonging to the estate; (2) it does not show the insufficiency of the personal property to pay the claims or liabilities of the estate; (3) the court erred in overruling the demurrers of the LaFayette Loan and Trust Company, and of the infant defendants to the complaint. Each of these demurrers, it is insisted, should have been sustained, for the additional reasons that neither the LaFayette Loan and Trust Company nor the infant defendants were necessary or proper parties defendant. Counsel further argue that, in respect to the sufficiency of the petition, under our statute concerning the settlement of the estate of a decedent, it is the claims against an estate which

have been actually filed and allowed that are entitled to be considered by the court in determining the sufficiency of the decedent's personal property to pay the debts or liabilities of the estate.

The petition appears to comply substantially with the requirements of §2854 Burns 1908, §2338 R. S. 1881. It is entitled with the name of the petitioner and the defendants, and also the court in which the estate of the decedent is pending for settlement. It contains a description of the real estate which, as averred, was owned by decedent at the time of her death, and which is liable to be converted into assets for the payment of debts and liabilities of the estate, and the probable value of such real estate, exclusive of liens. It is alleged that no personal property of this estate has come into the possession of the administratrix, because the personal property was received and is still held by the LaFayette Loan and Trust Company, which, as shown, was the executor of the will of Jane Hawkins, the decedent herein, and which is averred to have been set aside; that the petitioner is unable to state the amount of the personalty held by said company, and for which it is accountable to the estate, for the reason that the company has not yet made its report as to the amount of the personal assets of the estate which it received and still holds, but the petition avers that "whatever may be the amount

1. of the liability of the LaFayette Loan and Trust Company to said estate, it will not be sufficient, by many thousand dollars, to pay the debts of said estate." This latter statement is an allegation of fact, and is not a conclusion, as claimed by counsel for appellants.

It further shows that claims have been filed and allowed against the estate in the total amount of $38,000; that there is a claim against the estate, which has not been filed, in the sum of $4,000, evidenced by a note executed by decedent to the LaFayette Loan and Trust Company; that the expenses of administration will probably amount to $1,000,

and that taxes to the amount of over $1,000, which were a lien upon the real estate at the time of the death of decedent, are unpaid. It is also shown that certain bonds, executed by decedent to the LaFayette Loan and Trust Company, in the sum of $22,500, secured by mortgage on the lands of decedent, are outstanding and unpaid, and that said company is made a party defendant to the petition.

The contention of appellants, that it is only the claims against the estate which have been actually filed that can be taken into consideration in determining the sufficiency of the personal property of the decedent to pay the liabilities of the estate, is untenable. Under §2828 Burns 1908, Acts 1883 p. 151, §5, a creditor is allowed a year from the giving of notice by the executor or administrator of his appointment as such, in which to file his claim. While the claim may be filed after the expiration of the year, if the estate remains unsettled, nevertheless, it must in such a case, under the provisions of this section, be prosecuted solely at the cost of the claimant, and if not filed at least thirty days before the final settlement of the estate it is, with certain exceptions, barred. *Schrichte* v. *Stites* (1891), 127 Ind. 472.

Section 2852 Burns 1908, §2336 R. S. 1881, provides that whenever an executor or administrator shall discover that the personal estate of a decedent is insufficient to satisfy the liabilities thereof, he shall, without delay file his petition for the sale of the real estate of decedent to make assets for the payment of such liabilities. This section does not contemplate that the administrator shall postpone filing his petition to sell real estate until claims sufficient to exhaust the personal estate have been filed and allowed. Whenever he discovers, as in this case, by claims that have been filed and allowed, and by legitimate claims or liabilities outstanding and unpaid, that the personal estate is insufficient for the payment of debts, and that the

real estate, if any, that may be liable, must be resorted to for that purpose, it is his duty, without delay, to take the necessary steps to subject the real estate to the payment of the debts of the estate.

As a general rule, the claims and liabilities against the estate of a decedent should be filed as provided by the statute. To this, however, there are some exceptions, which we need not now point out. In case the administrator pays a claim that has not been filed and allowed as provided, he does so at his peril. We concede the contention of appellants' counsel, that the personal estate of a decedent is primarily liable for the payment of his debts, and where the personal assets are fully sufficient to satisfy and pay the debts, resort cannot be had to the real estate for that purpose, for the law intends that the real estate of the decedent shall, so far as possible, be preserved for the use of his heirs. *LaPlante* v. *Convery* (1884), 98 Ind. 499.

The petition in this case certainly discloses, by the facts therein averred, that the personal property belonging to the estate is largely deficient to pay the debts and liabilities thereof, and therefore shows the necessity of subjecting for that purpose the real estate set out in the petition, or so much thereof as might be necessary. The LaFayette Loan and Trust Company, is by the petition, shown to have property in its possession belonging to the estate, and, therefore, was a proper party defendant to the petition to answer as to its interest therein.

The minor defendants, who were beneficiaries under the will which had been set aside by the judgment of the Warren Circuit Court, from which an appeal had been prosecuted to the Supreme Court, cannot be said to have been improperly made parties to the proceeding to sell the lands in question. They were made parties as beneficiaries under the will which had been set aside, no

doubt as a matter of precaution, in order that in the event this will was ultimately upheld they might be barred by the judgment in this case from asserting any right as beneficiaries thereunder, against the purchaser of the land sold under the order of the court herein.

A petition to sell real estate by an administrator is a proceeding *in rem*, and the purpose thereof in this action was not to obtain a personal judgment against either the minor defendants or their codefendants. We conclude that the petition is sufficient and the demurrers thereto were properly overruled.

If it could be said that the second paragraph of the answer stated facts which in any manner could constitute a defense to the proceeding, the sustaining of the demurrer thereto was harmless, for the reason that the facts therein alleged, if admissible for any purpose, could be proved under the general denial, which constituted the first paragraph of the answers. *Jeffersonville Water Supply Co.* v. *Riter* (1897), 146 Ind. 521; *Stark* v. *Lamb* (1907), 167 Ind. 642; *Cheney* v. *Unroe* (1906), 166 Ind. 550.

At the close of the evidence given in support of the petition herein, appellants showed that the appeal from the judgment of the Warren Circuit Court, setting aside the will of Jane Hawkins, deceased, was pending undetermined in the Supreme Court, and thereupon they moved to stay the proceedings in the case at bar until there was a decision in that appeal. This motion the court denied. Of this ruling appellants complain. The motion in question was properly overruled, as the lower court was not authorized to prevent the sale of the real estate, except as provided by §2889 Burns 1908, §2371 R. S. 1881, upon the execution of a bond by the appellants as required by that section. A compliance with this section is the only manner in which the granting of an order for the sale of real estate to pay the debts or claims of a decedent's estate can be prevented. *Davis* v. *Kendall* (1903), 161 Ind. 412.

Appellants, under the facts in this case, have no legitimate reason for postponing or preventing the sale of these lands until a final decision is had in the action contesting the will of Jane Hawkins, for, as disclosed by the record, the only provision made by her in her will for the payment of debts was that they were directed to be paid out of her personal property other than her household goods. Under her will, she disposed of all her real estate, and the lands ordered to be sold were not specifically devised but were passed into and belonged to the residuary clause, and were disposed of thereunder. Consequently, if the validity of the will should be ultimately upheld, it would be these same lands which her executor would be required first to subject to the payment of debts of the estate before resorting to real estate specifically devised by the will. Hence, appellants cannot be harmed by the sale of the land by the administratrix herein, instead of a sale in the future by the executor of the will, in the event the validity of that instrument is sustained.

The evidence fully supports the petition, and authorizes the order of sale of the real estate described therein. It shows that the inventory of the personal estate of decedent, outside of the disputed claim against appellant LaFayette Loan and Trust Company, amounted to $3,540.42; that all the cash received by the administratrix amounted to less than $2,000, and that all this amount except $50 has been expended. It is shown that the administratrix had been compelled to borrow over $2,000 to pay the taxes on the lands of her decedent; that all the personal property of the estate has been used in paying the debts thereof, except about $1,100, which is uncollected, and also the unsettled and disputed claim of about $2,000 against the LaFayette Loan and Trust Company. It is shown that claims have been filed against the estate aggregating between $40,000 and $50,000, including the claim of the LaFayette Loan and Trust Company, which was not

filed when the action was commenced, but was filed before the trial of the cause.

The court finds under the evidence that it will be necessary to sell all the real estate described in the petition to make assets to pay the debts and liabilities of the estate. No evidence was introduced by appellants, on the hearing of the cause in the lower court, to meet or disprove any of the evidence introduced by the administratrix. It is fully established that after all the personal estate of decedent is exhausted, it will require all the proceeds derived from the sale of the real estate ordered sold in this action to pay the valid debts and liabilities of the estate.

We have examined all the questions presented, and find no error in the record. The order of the court is therefore affirmed.