## WERSICH v. PHELPS ET AL.
### [No. 23,111. Filed May 18, 1917.]

1. APPEAL.—*Review.—Scope.—Record.—Sufficiency.*—Where the record fails to show that it contains all the evidence, assignments, as grounds for a new trial, that the verdict was not sustained by sufficient evidence and that it was contrary to law cannot be considered.  p. 291.

2. APPEAL.—*Review.—Instructions.—Failure to Point Out Error. —Waiver.*—Where appellant's brief fails to point out any specific objections to instructions, objections thereto are waived.  p. 291.

3. WILLS.—*Execution.—Requisites.—Attestation and Witnessing.*—A valid will must be in writing, signed by the testator or by some one for him, in his presence with his consent, and it must be attested and subscribed, in his presence, by two or more competent witnesses, but the statute does not require that they should see the testator sign or that they should see his signature, it being sufficient that he, in some manner, makes known that he has signed and requests them to sign as witnesses.  p. 291.

4. APPEAL.—*Review.—Instructions.—Evidence not in Record.*—Instructions considered in the absence of the evidence will not be held to be erroneous, unless they would be improper under any supposable state of the evidence.  p. 292.

From Warrick Circuit Court; *Ralph E. Roberts,* Judge.

Action by Nellie Wersich against Mary A. Phelps and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*H. L. Davidson* and *A. H. Maxam,* for appellant.

*Sidney B. Hatfield, William S. Hatfield, Nat H. Youngblood* and *Union W. Youngblood,* for appellees.

LAIRY, C. J.—Appellant brought this action in the trial court to contest the will of Wilson L. Phelps, deceased. There was a verdict in favor of the defendants, and a judgment was rendered on the verdict upholding the will.

Appellant's motion for a new trial was based on several grounds: (1) That the verdict was not sustained by sufficient evidence; (2) that the verdict was contrary to law; (3) that the court erred in giving certain instructions; (4) that the court erred in refusing to give certain instructions requested by appellant.

1. As the record fails to show that it contains all of the evidence, the first two causes assigned for a new trial cannot be considered.

2. Appellant has waived her objections to all of the instructions given, except the fourth and seventh, by failing to point out in her brief any specific objections to any of the others. By these instructions, it is claimed, the jury was improperly instructed as to what is necessary to constitute a legal attestation and witnessing of a will. By the

3. fourth instruction the jury was told that a will, to be valid, must be in writing, and must be signed by the testator, or by someone for him, in his presence, with his consent; and that it must be attested and subscribed, in his presence, by two or more competent witnesses. Upon the subject of attesting and witnessing a will, the jury was instructed that the statute does not require that the subscribing witnesses should see the testator sign the will, or that they should see his signature after he has signed, it being sufficient that the testator, in some manner, makes known to them the fact that he has signed it.

The seventh instruction is as follows: "The court instructs the jury that the statute does not require that

the subscribing witnesses shall see the testator write his name to the will, but it is sufficient if he did in fact sign the will provided he afterwards acknowledged it as his will and requested them to sign as witnesses."

This court is of the opinion that these instructions correctly state the law, so far as they go; and that the second instruction tendered by appellant was properly refused. Instructions considered in the absence of the evidence will not be held to be erroneous, unless they would be improper under any supposable state of the evidence.

4.

The court does not consider the motion of appellant to dismiss the appeal. Judgment affirmed.

NOTE.—Reported in 116 N. E. 49. Wills: (a) attestation and witnessing, necessity as to witnesses seeing testator sign or as to seeing signature, 38 L. R. A. (N. S.) 161, L. R. A. 1915B 87, 40 Cyc 1092, 1101, 1103, 1120-1123; (b) requisites of a valid will, 1 Ann. Cas. 51.