WILLETT ET AL. *v.* HALL ET AL.

[No. 27,682. Filed May 19, 1942. Rehearing denied June 12, 1942.]

*Thomas A. Daily, Wilson S. Daily,* and *John H. Daily,* all of Indianapolis, and *Rogers & Smith,* of Lebanon, for appellants.

*Parr, Parr & Parr,* of Lebanon, for appellees.

ROLL, J.—This was an action by appellants against appellees to set aside the last will and testament of Caroline Sharp Wise, deceased. The complaint alleged all of the statutory grounds for setting aside a will. The main contention, however, rests upon the fourth specification, namely; that the execution of the will was obtained by undue influence. There was a trial by jury, and a verdict was returned in favor of appellees. A motion for a new trial was filed and overruled, which ruling of the court is the only error assigned on this appeal. Appellants by this appeal seek to present a reserved question of law under § 2-3114, Burns' 1933, § 466, Baldwin's 1934, and in his brief under errors relied upon for reversal says:

"Plaintiffs present only one question for the court's consideration, i. e., did the Court err in refusing to instruct the jury that where a will is drawn in favor of one occupying a position of confidence and trust and such person either writes the will or procures it to be written or whose advise is sought and taken, the burden then rests on such beneficiary to disprove undue influence? The Court instructed the jury by its instructions 2, 10 and 24 that the burden of proof was on the plaintiff to prove all the material allegations of their complaint by a fair preponderance of the evidence. The plaintiffs by their request of instructions 13, 19, 20 and 21, fairly present the issue. The plaintiffs are not complaining of the instructions which the court gave on actual undue influence but they are insisting that the court erred in refusing the instructions requested on undue influence in a *confidential relation.*"

Appellants' position with reference to the law governing the burden of proof is fairly stated by his tendered instruction No. 20, which the court refused to give, which instruction is as follows:

"If you find from the evidence that Elizabeth Hall was present and actively concerned in bringing about the execution of the will of Caroline Sharp Wise and that Caroline Sharp Wise was in the home of Elizabeth A. Hall and under her protection and that Elizabeth Hall was made the sole beneficiary of all the property of Caroline Sharp Wise except the $250 to Pleasant Grove Cemetery in Hamilton County, and if you further find that the testatrix's mind was enfeebled by age or disease, even though not to the extent of producing mental unsoundness, then it will devolve upon Elizabeth Hall to show affirmatively that the will was a free and voluntary act of the testatrix and without any undue influence on her part."

We are first met with the contention of appellees that appellants have failed to present any question for the court's consideration, for the reason that the bill of exceptions neither shows nor purports to show what

the evidence or the substance thereof was; but only purports to state the opinion and conclusions of the judge as to what, the evidence tended to prove. The court, in the bill of exceptions, says that, "the plaintiff introduced evidence, oral and written, which if true tended to prove the relationship between the defendant Elizabeth A. Hall and the decedent Caroline Sharp Wise before and at the time of the execution of said will."

"That said evidence if true tended to prove that the testatrix Caroline Sharp Wise. . . ." Then follows what the court concluded was the effect of the evidence. The same may be summarized as follows: That Caroline Sharp Wise was the widow of a union soldier; that she was over eighty years of age and was the owner of certain property; that in September, 1926, Mrs. Wise fell and broke her hip; that she was removed by her sisters Elizabeth Hall and Mary H. Willett to a hospital in Indianapolis, where she remained until January, 1927, when Mrs. Hall removed Mrs. Wise to her home in Indianapolis. Mrs. Wise did not improve in health and died on June 9, 1927; that after Mrs. Wise was removed to the home of Mrs. Hall, Mrs. Hall called an attorney of the City of Indiaanpolis, to write the will of Mrs. Wise, which was dated January 12, 1927. Mrs. Hall requested one John S. Hussey to witness the execution of the will at the request of Mrs. Wise; that on the day the will was executed, Mr. Hussey and the attorney came to the home of Mrs. Hall and the will was executed in the presence of the attorney and Mr. Hussey. No other persons were present at the time of the execution of the will. After the will was executed, the will was placed in the safety deposit box of Mrs. Hall where it remained until after the death of Mrs. Wise.

By the terms of the will, Mrs. Hall was made the beneficiary of all of the estate except a specific bequest of $250 to the Pleasant Grove Cemetery located in Hamilton County, Indiana, for its upkeep; that Mrs. Hall has benefited under said will, receiving property of the total value of approximately $15,000 to $18,000; that Mrs. Wise had no descendants and all of her property in the absence of a will would have descended to her next of kin, who were the appellants in this action; that the relationship between Mrs. Hall and her sister Mrs. Sharp was intimate from childhood; that after the death of the husband of Mrs. Wise, Mrs. Hall loaned money to Mrs. Wise to pay her taxes, went shopping with her, helped select her dresses, and there was the most friendly relationship existing between the two; that after Mrs. Wise was injured, Mrs. Hall looked after the home of Mrs. Wise in Noblesville, and her farm, employed tenants, paid taxes, collected the rents, and looked after all of her property with the assent of Mrs. Wise. Mrs. Wise would consult with Mrs. Hall concerning business and personal matters; that the relations existing between Mrs. Wise and her next of kin were also friendly.

There is no statement that the above was all the evidence introduced in the case. It is appellee's contention that the bill of exceptions did not set out any evidence whatever, nor did it attempt to state in narrative form the evidence or the substance thereof, and therefore presents no question on appeal.

The bill of exceptions merely recites that the plaintiff introduces evidence, oral and written, which, if true, tended to prove certain things. The court did not certify anywhere in the bill of exceptions what the evidence was, neither did it certify that the above and foregoing was all of the evidence

bearing upon the question sought to be presented.

In *Geiger, Trustee, ex rel. Newman, etc.* v. ■ *Huenneke* (1896), 16 Ind. App. 326, 327, 44 N. E. 1117, the court in discussing the sufficiency of the record to present a reserved question of law said:

"No question can be made upon the correctness of instructions given or refused, unless either the entire evidence is contained in the record, or there is a compliance with the provisions of the statute and rule above alluded to, or unless there is sufficient evidence in the record to show affirmatively that the instructions given were wrong or those refused proper, or unless the instructions given are so radically wrong as not to apply to any supposable case which might have been made by the evidence. *Cincinnati, etc., R. W. Co.* v. *Gaines,* 104 Ind. 526, 54 Am. Rep. 334; Elliott's App. Proced., section 193, and cases there cited. For aught we know from the record in the present case, the evidence may have been such as would have authorized the instructions given."

The same proposition was decided in *Keller* v. *Reynolds* (1895), 12 Ind. App. 383, 40 N. E. 280; *Shugart* v. *Miles* (1890), 125 Ind. 445, 25 N. E. 551; *Petty* v. *Frakes* (1921), 75 Ind. App. 425, 129 N. E. 246.

But even if it be conceded that the bill of exceptions is sufficient to present the question on its merits, we are of the opinion that appellants' position cannot be sustained. We think the rule is fairly stated in the case of *Goodbar* v. *Lidikey* (1893), 136 Ind. 1, 4, 5, 6, 35 N. E. 691. In that case the same contention was made as in the case at bar. Appellant in that case requested the following instruction which the court refused to give and the refusal to give the instruction was one of the errors presented. The instruction was as follows:

" 'Where the devisee in a will sustains a confidential relation to the testator at the time of the alleged execution of the will, and where the testator is

being cared for by, and is under the protection of, such devisee, and there is in the will a devise of a large amount of property to the devisee sustaining such confidential relation, and if it be shown that, at the time of the alleged execution of the will, the testator's mind was enfeebled by age and disease, even though not to the extent of producing mental unsoundness, that it will devolve upon the devisee to show affirmatively that the will was a free and voluntary act of the testator, and without any improper influence on the part of the devisee.' "

The court held that the rule embodied in the instruction was applicable to contract or gift *inter vivos* rather than to testimentary devises and did not apply to a testator and a devisee. The court in that case said:

". . . Surely, one ought not to be incapable of taking a devise simply for the reason that he had been a friend of the testator, or had served him faithfully when living. On such a theory a wife or a child might be suspected of having exerted undue influence over a loving and grateful husband or father, merely because he should be found to have remembered them generously in his will, and that even if the will were made with his lawyer alone, in the privacy of his chamber, as was done in this case.

"Indeed, we think that the presumption in favor of the validity of a will should be increased rather than diminished from the circumstance that a bequest was made to one with whom the testator had maintained intimate and confidential relations during life. A will, in fact, is usually made in order to give property to those whom the testator desires to favor. If it were the desire that the property should go in due proportion to those equally related to the testator, then no will would be necessary. The law itself would make such distribution in the most equitable manner possible. This is particularly the case where, as in this case, the testator had neither wife nor children, and his property, if not devised, would go to collateral relations. The real question must be as to the mental soundness

of the testator, and whether his mind was in fact unduly influenced in the making of his will; whether it was his will or the will of some one else."

The above statement of the court is particularly applicable to the case at bar. The evidence at most in this case, shows that Mrs. Hall was a favorite sister of the decedent; that Mrs. Hall was kind and considerate of her sister not only in her last sickness but from early childhood. The evidence fails to show that Mrs. Hall was present when the will was executed. No one was present during the execution of the will except the attorney who drafted the will and signed as an attesting witness, and Mr. Hussey, a friend of Mrs. Wise, who signed as the other attesting witness. There is no evidence whatever of any activity on the part of Mrs. Hall that was not consistent with what should be expected from one so closely related. We find no statement in the record that supports the contention of appellant that appellee dictated or wrote the will of Mrs. Sharp, or procured it to be written, or participated in or had anything to do with dictating the provisions thereof. There is no evidence that shows appellee ever discussed the terms of the will or knew of its contents at the time it was executed.

We think there was no error in refusing appellant's tendered instructions. See *Folsom et al.* v. *Buttolph* (1924), 82 Ind. App. 283, 143 N. E. 258; *Friedersdorf* v. *Lacy* (1910), 173 Ind. 429, 90 N. E. 766; *Modern Woodmen* v. *Craiger* (1910), 175 Ind. 30, 93 N. E. 209; *Breadheft* v. *Cleveland* (1915), 184 Ind. 130, 108 N. E. 5; *Powell* v. *Bechtel* (1930), 340 Ill. 330, 172 N. E. 765.

We find no reversible error.

Judgment affirmed.

NOTE.—Reported in 41 N. E. (2d) 619.