NOYER, EXECUTOR OF NOYER, DECEASED, ET AL. *v.*
ECKER, ET AL.

[No. 18,562. Filed June 10, 1954. Rehearing denied
July 19, 1954. Transfer denied October 27, 1954.]

*Chester A. Lincoln* and *James P. Murphy,* both of
Fort Wayne, for appellants.

*Wayne L. Miller,* of Fort Wayne, for appellees.

ROYSE, J.—Appellees brought this action to contest
the will of their mother, Mary V. Noyer, deceased. Their
complaint alleged the will was obtained by undue in-
fluence, it was unduly executed, that the pretended will
is not the last will of testatrix, that it was executed
under duress and coercion, and that testatrix was of

unsound mind and incapable of making a will. Trial to a jury resulted in a verdict in favor of appellees setting aside the will. Judgment accordingly.

The error assigned here is the overruling of appellants' motion for a new trial. The specifications of that motion are that the verdict is not sustained by sufficient evidence and is contrary to law.

Appellants recognize the rule that if there is any evidence of probative value to support the verdict on any of the grounds specified in the complaint, it would be our duty to affirm the judgment. They assert there is no such evidence in the record herein.

It is well settled that not all mental weakness or insanity is sufficient to set aside a duly executed will. Only where the testator does not have sufficient mental capacity at the time of making the will to know the extent and value of his property, the number and names of those who were the natural objects of his bounty, their deserts with reference to their conduct toward and treatment of him, will the law invalidate the will. *Daugherty et al.* v. *Daugherty et al.* (1945), 115 Ind. App. 253, 267, 57 N. E. 2d 599; *Keplinger* v. *Ward et al.* (1946), 116 Ind. App. 517, 520, 65 N. E. 2d 644; *Wiley et al.* v. *Gordon et al.* (1914), 181 Ind. 252, 104 N. E. 500; *Rarick et al.* v. *Ulmer, by Next Friend* (1895), 144 Ind. 25, 42 N. E. 1099.

While undue influence is not susceptible to precise definition, it may be broadly defined as the unlawful imposition of the power and will of the perpetrator whereby the victim is forced to do an act which is not his voluntary act but rather the act of the perpetrator. What constitutes undue influence depends on the circumstances in a particular case. *Daugherty et al.* v. *Daugherty et al., supra; Wiley et al.* v. *Gordon et al., supra.*

With these rules as our guide, we have carefully examined the evidence in the record herein. In our opinion there is not a scintilla of evidence to indicate the testatrix did not have sufficient mental capacity to make her will. Nor is there any evidence that this will was not her own voluntary act and deed. In our opinion the evidence wholly fails to sustain any of the allegations of the complaint which question the validity of this will.

Judgment reversed, with instructions to sustain appellants' motion for a new trial.

BOWEN, C. J.—Not participating.

NOTE.—Reported in 119 N. E. 2d 902.