HINSHAW ET AL. *v.* HINSHAW.

[No. 19,543. Filed June 5, 1962. Rehearing denied July 10, 1962. Transfer denied October 2, 1962.]

*Wayne O. Wimmer* of Elwood, *Russell E. Stewart,* and *Stewart & Austin,* of Anderson, for appellants.

*Clarence O. Davisson,* and *Busby, Davisson, Cooper & Farr,* of Anderson, for appellee.

KELLEY, C. J.—Appellee instituted this action against appellants to contest, set aside and declare invalid the Last Will and Testament of the deceased testatrix, Louise P. Hinshaw. The validity of the will was challenged in the complaint upon the grounds:

1. That the testatrix was of unsound mind and incapable of making a will at the time of its execution.

2. That said will was unduly executed.

3. That the execution of the will was obtained by "undue influence" and the will was executed under "duress". (By whom the undue influence and duress was exerted was not stated).

4. That the execution of the will was obtained by fraud on the part of appellant, Robert Dougan Hin-

shaw. (Upon motion of appellants this charge was withdrawn from consideration of the jury).

5. That the will was executed through mistake. (Upon motion of appellants this charge was withdrawn from the jury).

Trial by jury resulted in a verdict for appellee and that the will was invalid and the probate thereof should be set aside. Consistent judgment followed.

The error assigned here is the overruling of appellants' motion for a new trial. Among others, said motion contained specifications that the verdict is not sustained by sufficient evidence, that the verdict is contrary to law, and that the court erred in overruling appellants' motions at the close of all the evidence for a directed verdict on the issues of duress, undue influence, and undue execution. These specifications call for a consideration of the evidence favorable to the appellee.

The decisions of our Supreme Court and this court over the years have clearly and definitely declared the legal principles and standards to be adhered to in determining whether the evidence establishes mental incapacity to make a valid will and whether such will was executed not as the voluntary act of the testator but by reason of the undue influence of another. In this action, under the provisions of §7-120, Burns' 1953 Replacement, the burden of proof of the grounds of invalidity of the will alleged in the complaint rested upon appellee.

Said principles and standards, with the authorities in support thereof, are stated in *Noyer, Executor of Noyer, Deceased, et al.* v. *Ecker et al.* (1954), 125 Ind. App. 63, p. 64, 119 N. E. 2d 902, as follows:

"It is well settled that not all mental weakness or insanity is sufficient to set aside a duly executed will. Only where the testator does not have sufficient mental capacity at the time of making the will to know the extent and value of his property, the number and names of those who were the natural objects of his bounty, their deserts with reference to their conduct toward and treatment of him, will the law invalidate the will, *Daugherty et al.* v. *Daugherty et al.* (1945), 115 Ind. App. 253, 267, 57 N. E. 2d 599; *Keplinger* v. *Ward et al.* (1946), 116 Ind. App. 517, 520, 65 N. E. 2d 644; *Wiley et al.* v. *Gordon et al.* (1914), 181 Ind. 252, 104 N. E. 500; *Rarick et al.* v. *Ulmer, by Next Friend* (1895), 144 Ind. 25, 42 N. E. 1099.

"While undue influence is not susceptible to precise definition, it may be broadly defined as the unlawful imposition of the power and will of the perpetrator whereby the victim is forced to do an act which is not his voluntary act but rather the act of the perpetrator. What constitutes undue influence depends on the circumstances in a particular case. *Daugherty et al.* v. *Daugherty et al., supra; Wiley et al.* v. *Gordon et al., supra.*"

The aforestated rules are thoroughly grounded in this state and furnish the elements and legal requisites to be established and supported by the evidence.

With these rules and essential elements in mind, we have carefully examined the evidence in the record herein. After such examination we are of the opinion that the record evidence and the permissible and reasonable inferences therefrom wholly fail to sustain any of the allegations of the complaint which question the validity of this will. We find no evidence or inferences which indicate that the testatrix did not possess sufficient mental capacity to make her said will. There is no evidence that she did not know and realize the extent and

value of her property—no evidence that she did not know the number and names of those who were the natural objects of her bounty and their deserts with reference to their conduct toward and treatment of her. In fact, the evidence clearly and without dispute shows that at the time of making her will and up to time of her decease, the testatrix was mentally alert and in full possession of her mental and physical faculties and knew exactly what she wanted and how she wanted her will to express her intent and desires.

Nor is there any evidence that this will was not her own voluntary act and deed. The record is devoid of any evidence of probative value or reasonable inferences therefrom that either of the appellants in any manner exercised any undue influence or duress over the testatrix or that her will was not her voluntary act but the act of a perpetrator.

In our opinion the herein record leads inescapably to the conclusion that at the time of the preparation and execution of her will the testatrix was thoroughly familiar with the extent and value of her property, the names of all her children and those that were the natural objects of her bounty and that she disposed of her property as she intended and wanted it distributed after her death. This she had a right to do, whether or not her will was in accord with the ideas of those who sat in judgment thereon.

The judgment is reversed with instructions to sustain appellants' motion for a new trial.

Bierly, Pfaff, JJ., concur.

Gonas, J., dissents.

NOTE.—Reported in 182 N. E. 2d 805.